**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Saleem SHIRAZI, Defendant–Appellant.**

**No. 02–1653.**

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 6, 2002.

Decided Aug. 7, 2002.

Before POSNER, EASTERBROOK,
and MANION, Circuit Judges.

### Order

After pleading guilty to conspiracy to possess and pass counterfeit travelers' checks, see 18 U.S.C. §§ 371, 513(a), Saleem Shirazi was sentenced to 60 months' imprisonment, the statutory maximum. His real offense conduct was more serious: the conspirators stole at least 1,300 credit card numbers in addition to bilking merchants with phony travelers' checks, and Shirazi's laptop computer, which held the pilfered credit card numbers, also was loaded with child pornography. But Shirazi was not charged with the child-pornography offenses, and other fraud counts were dismissed as part of the plea bargain. Although Shirazi's sentence is modest in relation to his actual conduct, Shirazi contends that it is too high for the count of conviction.

He makes a single argument on appeal: That the district judge should have believed his version of his role in the offense, rather than inferring from other evidence that he played a managerial role–a finding that led to a three-level increase under U.S.S.G. § 3B1.1(b). Shirazi testified that he was a simple gofer, holding the counterfeit checks at the disposal of Rajiv Saneja, the scheme's brains. The district judge found that Shirazi had at least as much responsibility as Saneja. Trying to persuade us otherwise is an uphill battle, to say the least. A district judge's credibility finding cannot be called clearly erroneous unless at odds with powerful physical or documentary evidence, see *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985), and there is no such evidence in this record.

What the record shows is that the people who actually passed the checks kept 60% of the proceeds, while Shirazi and

Saneja divided the rest equally. Shirazi says that this payment was for his assistance in once driving Saneja to California. As the district judge observed, however, 20% of the proceeds of this fraud greatly exceeds the cost of airfare between Chicago and California; it makes no sense to treat this considerable sum as a deferred payment for livery service. Shirazi held the counterfeit checks until they were passed; Shirazi's computer held the credit card numbers. When arrested, Saneja and Shirazi were sharing a hotel room, and the district judge inferred that they shared the direction of this criminal enterprise as well. That finding is not clearly erroneous. Although the passers received their directions from Saneja rather than Shirazi, that hardly precludes Shirazi's managerial status; the mail room at Microsoft does not receive personal instructions from Bill Gates, but he is still a manager of that enterprise.

AFFIRMED